IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFREY W. THOMAS, | § | |
| | § | |
| Defendant Below-Appellant, | § | No. 156, 2015 |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID. No. 1403008516 |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: October 7, 2015
Decided: December 17, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

# **O R D E R**

This 17th day of December 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1) After a two-day jury trial in January 2015, the defendant-appellant, Jeffrey Thomas, was convicted of Burglary in the Second Degree, Theft of a Motor Vehicle, Theft, and Conspiracy in the Second Degree. On March 3, 2015, the State filed a motion to declare Thomas to be a habitual offender. On March 12, 2015, the Superior Court sentenced Thomas as a habitual offender to a total period of twenty-two years at Level V incarceration, to be suspended after serving twenty-one years in prison for probation. This is Thomas's direct appeal.

(2) Thomas's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Thomas's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Thomas's attorney informed him of the provisions of Rule 26(c) and provided Thomas with a copy of the motion to withdraw and the accompanying brief. Thomas also was informed of his right to supplement his attorney's presentation. Thomas filed several points for this Court's consideration. The State has responded to Thomas's points, as well as to the position taken by Thomas's counsel, and has moved to affirm the Superior Court's judgment.

(3) The trial record fairly reflects that, on March 8, 2014, Dover police responded to a report of a burglary and car theft. The victim lived alone in a first floor apartment on Division Street. She told police that, sometime after she went to sleep the previous evening, someone had entered her apartment and taken her computer, cell phone, wallet, and car keys, among other things. Her car, a 2005 Nissan Sentra, was missing from where she had parked it outside her apartment. Later that morning, the victim discovered that her credit card had been used at a nearby convenience store and a Burger King restaurant. After interviewing witnesses and reviewing surveillance evidence from the two businesses, the police were able to develop Monica Heath and Thomas as suspects. At trial, the victim testified that the day before the burglary, Thomas, whom she did not know, had

2

helped her carry groceries into her apartment. The victim never informed the police about this encounter before trial.

(4) The investigating officer, Detective Toto, interviewed Thomas on March 12, 2014 at the police station. The interview was recorded, but the recording quality was poor. At trial, Detective Toto testified that Thomas told him that he and Heath went to the apartment on Division Street and saw the victim sleeping in her bed. Thomas lifted Heath up through an open window, and Heath unlocked the front door of the apartment to let Thomas in. Thomas took the victim's car keys. The recording of Thomas's interview was admitted at trial without objection.

(5) Thomas testified in his own defense at trial. He admitted lifting Heath up through the window. He also admitted that he knew the apartment did not belong to Heath. He asserted, however, that he had never entered the apartment and that Heath drove off in the victim's car alone. He further denied that he had ever been in the apartment or helped the victim with her groceries the day before the burglary.

(6) The jury found Thomas guilty of second degree burglary, theft of a motor vehicle, second degree conspiracy, and theft. The State filed a motion to declare Thomas to be a habitual offender on March 3, 2015. After Thomas conceded before sentencing that he previously had been convicted of four predicate

felonies, the Superior Court declared Thomas to be a habitual offender and sentenced him accordingly to a total period of twenty-two years at Level V incarceration, to be suspended after serving twenty-one years in prison for decreasing levels of supervision. This appeal followed.

(7) Thomas fairly raises the following eight points for the Court's consideration on appeal: (i) the Superior Court erred in allowing Detective Toto to testify about what Thomas said during the videotaped interview; (ii) the Superior Court should have given a jury instruction under 11 *Del. C.* § 274; (iii) Thomas did not receive adequate notice of the State's habitual offender motion; (iv) the State failed to preserve evidence; (v) the indictment was defective; (vi) Thomas's statement to police was not knowing, intelligent, and voluntary; (vii) Thomas was denied the right to confront Heath, his codefendant; and (viii) Thomas should not have been declared a habitual offender because his New Jersey convictions for third degree burglary were not qualifying predicate convictions.

(8) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally

4

devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(9) Thomas's first and sixth arguments relate to his videotaped statement to Detective Toto after his arrest. Thomas asserts that his statement should not have been admitted because it was involuntary because he did not know he was being videotaped and because he was high on cocaine. Thomas also argues that the Superior Court erred in overruling his objection at trial to Detective Toto's testimony regarding his recollection of what Thomas said to him during the videotaped interview.

(10) Thomas did not move before trial to suppress his statement to the police as involuntary, nor did he object to the admission of the videotaped statement at trial. In the absence of plain error, which we do not find, we will not consider Thomas's challenge to the admission of his statement for the first time on appeal.[2] Moreover, we find no error or abuse in the Superior Court's decision to overrule defense counsel's objections to Toto's testimony regarding his recollection of what Thomas said to him during the interview. Thomas's

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] Del. Supr. Ct. R. 8 (2015).

statements to Toto were the admissions of a party opponent and were admissible under Delaware Rule of Evidence 801(d)(2).[3]

(11) Thomas next argues that the Superior Court erred in failing to give a jury instruction under 11 *Del. C.* § 274[4] regarding his state of mind as to the second degree burglary charge. Defense counsel did not request such an instruction at trial, so this claim may only be reviewed on appeal for plain error.[5] We find no plain error in this case. Thomas was not charged with first degree burglary, and there was no basis for a charge regarding third degree burglary because, as the Superior Court judge properly found, the undisputed factual evidence established that the victim's apartment was a "dwelling."[6] Thus, the only state of mind that the jury had to consider was whether Thomas acted "knowingly" under the second degree burglary statute.[7] The jury was properly instructed on all of the elements of second degree burglary, including a "knowing" state of mind, and on the issue of accomplice liability. Moreover, Thomas admitted during his testimony at trial that he knowingly assisted Heath in entering an occupied apartment that did not belong

---

[3] D.R.E. 801(d)(2) provides that a party-opponent's out-of-court statements are not hearsay. Thus, such statements are admissible at trial.

[4] 11 *Del. C.* § 274 provides in relevant part that when two or more people are criminally liable for an offense that is divided into degrees, "each person is guilty of an offense of such degree as is compatible with that person's own culpable mental state…."

[5] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1996).

[6] Under 11 *Del. C.* § 829(b) (Supp. 2014), a "dwelling" means a building that is usually occupied by a person lodging there at night.

[7] The second degree burglary statute, 11 *Del. C.* § 825, provides in relevant part under subsection (a)(1) that a "person is guilty of burglary in the second degree when the person knowingly enters or remains unlawfully … in a dwelling with intent to commit a crime therein."

6

to her. Under these circumstances, the absence of an instruction under § 274 was not error.

(12) Thomas next contends that he did not receive sufficient prior notice of the State's motion to seek habitual offender sentencing in order to prepare a defense. There is no merit to this claim. The State filed its motion to seek habitual offender sentencing on March 3 after a presentence investigation. Sentencing was scheduled for March 12. The State was required to file its motion "after conviction and before sentence,"[8] which it did. Thomas did not ask for a continuance of the sentencing date in order to prepare a defense, nor did he complain about inadequate notice of the State's intent to seek habitual offender sentencing prior to the Superior Court's consideration of the motion. In fact, Thomas's only response to the State's habitual offender motion was to admit on the record that he had been convicted of each of the four predicate felonies set forth in the State's motion. Thus, we reject this claim on appeal.

(13) Moreover, Thomas's claim that his New Jersey convictions for third degree burglary were not qualifying predicate offenses for habitual offender sentencing is simply incorrect. The relevant habitual offender statute, 11 *Del. C.* § 4214(a), provides that "[a]ny person who has been 3 times convicted of a felony … under the laws of this State, and/or any other state … who shall thereafter be

---

[8] 11 *Del. C.* § 4215(b) (2007).

7

convicted of a subsequent felony of this State is declared to be an [sic] habitual offender....">[9] Thus, Thomas's felony convictions in New Jersey qualified as predicate offenses under Section 4214(a). His claim to the contrary has no merit.

(14) Thomas next argues that the State erred in failing to preserve evidence of still photographs taken by security cameras at the convenience store where the victim's credit card was used. In support of this assertion, Thomas cites to *Deberry v. State*,[10] although he does not argue how *Deberry* applies to his case. We held in *Deberry* that the State is obligated to preserve evidence that is material to a defendant's guilt or innocence and that if the State fails to preserve material evidence, then the defendant is entitled to have the jury instructed that they should presume the missing evidence was exculpatory.[11]

(15) Thomas never raised this claim below. Accordingly, we review only for plain error.[12] In this case, there is nothing in the record to suggest that Thomas requested the State to produce the still photographs or that the State failed to produce them. Moreover, the testimony at trial established that Thomas was not even visible in the still photographs, thus it is unclear that the photographs were material in any way to the charges against Thomas. We find no plain error.

---

[9] 11 *Del. C.* § 4214(a) (2007).
[10] 457 A.2d 744 (Del. 1983).
[11] *Id*. at 754.
[12] Del. Supr. Ct. R. 8 (2015).

8

(16)   Thomas next contends that the Superior Court erred in amending the indictment to delete Monica Heath's name.  Although defense counsel initially expressed concern about deleting Heath's name from the indictment, he did not object to the amendment.  Thus, we review this claim on appeal for plain error.[13] Thomas cites no legal authority in support of his contention that the State was required to name his codefendant in the indictment.  Moreover, under Delaware law, a defendant who is indicted as a principal may be convicted as an accomplice and vice versa.[14]  Thus, the amendment to the indictment did not include additional or different offenses and did not prejudice Thomas's substantial rights.[15]  We find no plain error on appeal.

(17)   Finally, Thomas contends that he was denied his right to confront Heath at trial.  At its core, Thomas faults his trial counsel for failing to call Heath as a witness.  This Court, however, will not consider claims of ineffective assistance of counsel for the first time on direct appeal.[16]

(18)   This Court has reviewed the record carefully and has concluded that Thomas's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Thomas's counsel has made a conscientious effort

---

[13] Del. Supr. Ct. R. 8 (2015).
[14] 11 *Del. C.* § 275 (2007).
[15] Del. Super. Ct. Crim. R. 7(e) (2015) (providing that the Superior Court may permit the amendment of the indictment any time before the jury's verdict "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.").
[16] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

9

to examine the record and the law and has properly determined that Thomas could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice